UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH BUSH
ANTHONY BENNETT,

                        Plaintiffs,

v.

GLEN GOORD, et al.,

                        Defendants.

**REPORT and RECOMMENDATION**

03-CV-0759S(M)

---

        This case was referred to me by Hon. William M. Skretny to hear and report in accordance with 28 U.S.C. §636(b)(1) (Dkt. #118). Before me is defendants' motion for summary judgment (Dkt. #119). Oral argument was conducted before me on November 30, 2007. Thereafter, at my request, the parties submitted additional letter briefs (Dkt. ##133, 134). For the following reasons, I recommend that defendants' motion be GRANTED.

## BACKGROUND

        Plaintiffs commenced this action *pro se* on October 9, 2003, seeking relief under 42 U.S.C. §1983. Counsel was appointed on February 14, 2006 (Dkt. #103).[1] Although plaintiffs' Amended Complaint (Dkt. #6) asserts numerous claims, at oral argument on

---

[1] Although not raised by either party, a review of the docket reflects that no order was entered on plaintiffs' motions for leave to proceed *in forma pauperis* (Dkt. ##2, 8), plaintiff Bush's motion to amend (Dkt. #5), or plaintiffs' motion to appoint counsel (Dkt. #7). It appears that summonses were issued and the Amended Complaint was served based on an erroneous docket entry (Dkt. #9). Insofar as plaintiffs' later motion for appointment of counsel (Dkt. #102) was granted and the parties proceeded under the Amended Complaint, it does not appear that plaintiffs were prejudiced from this oversight. Nevertheless, I believe that it is important to clarify plaintiffs' *in forma pauperis* status at this time in the event they wish to take an appeal from any aspect of this case. Consequently, having reviewed the Amended Complaint with respect to the criteria outlined in 28 U.S.C. §§1915(e) and 1915A, I recommend that plaintiffs' requests to proceed as poor persons (Dkt. ##2, 8) be granted *nuc pro tunc*.

November 30, 2007 plaintiffs' attorney withdrew all of those claims save one: their claim for interference with the free exercise of religion (Dkt. #131). Accordingly, I will address only that claim.

At all times relevant to this action, plaintiffs were inmates in the custody of the New York State Department of Correctional Services ("DOCS"), serving sentences for convictions for crimes that qualify them as "sex offenders" pursuant to DOCS' Sexual Offender Counseling Program ("SOCP"). Because of this status, both plaintiffs were recommended for participation in the SOCP, although they had both previously completed Innovative Therapeutic Behavior Program ("ITBP") with a Therapeutic Sexual Offender Program component (Dkt. #126, p. 4).

As a condition to their participation in the SOCP, plaintiffs were required to acknowledge the conduct which led to their conviction of a sex crime (Dkt. #120, ¶4). That was not a requirement of the programs previously completed by plaintiffs (Dkt. #134, ¶3). Consequently, plaintiffs refused to participate in the SOCP, and this refusal led to DOCS "stripping plaintiff Bennett of 11-months of Good-Time [credits] in violation of DOCS policy", and the denial of plaintiff Bush's request to transfer to a facility closer to his home (Id. at ¶7; Dkt. #6, First Claim ¶¶10,16, Third Claim, ¶¶10, 16).

Plaintiff Bush alleges that the SOCP's requiring him to admit to the conduct he testified under oath in the name of God at trial that he did not commit as a condition to participating in the SOCP is a violation of his First Amendment rights to "religion" (Dkt. #6,

First Claim, ¶¶10-14).[2]  Plaintiff Bush seeks an injunction compelling defendant Goord to stop retaliating against him for exercising his constitutional rights, as well as compensatory and punitive damages (Dkt. #6, First Claim).[3]  Plaintiff Bennett asserts a similar claim (Dkt. #6, Third Claim, ¶4), and seeks various forms of relief, including an injunction compelling defendant Goord to designate a "facility(s) for sex offenders only. . . . [and] implement a test model facility with a structured environment conducive for maximizing the effort to rehabilitate sex offenders . . . ." (Id., Third Claim).

## DISCUSSION AND ANALYSIS

### A.   Summary Judgment Standard

The standard to be applied on a motion for summary judgment in this Circuit is well settled.  " 'Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant[.]  Summary judgment is improper if there is any evidence in the record that could

---

[2]   In the Amended Complaint plaintiffs refer to the SOCP as the Therapeutic Sex Offender Program ("TSOP") (See Dkt. #6, ¶2).  However, the Policy and Procedure Manual attached to plaintiffs' Amended Complaint makes clear that they are referring to the SOCP (Dkt. #6, Ex. B).

[3]   Because plaintiff Bush was released from custody on or about March 29, 2007 (Dkt. #133, ¶5), he concedes that his claims for injunctive relief are moot (Dkt. #134, ¶5).

reasonably support the jury's verdict for the non-moving party.' " Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003) (quoting Marvel Characters v. Simon, 310 F. 3d 280, 285-86 (2d Cir. 2002)).

The parties treat this motion as solely deciding a question of law, and have submitted no affidavits, deposition testimony, or sworn interrogatories from the parties. Instead, defendants rely on records maintained by DOCS concerning plaintiffs (Dkt. #121, ¶2), and plaintiffs rely "upon the information produced to plaintiffs by defendants as part of defendant's [*sic*] Rule 26 Initial Disclosures and plaintiffs' amended complaint with attachments" (Dkt. #127, ¶3).

B.  **Is plaintiffs' First Amendment claim barred by the pendency of Donhauser v. Goord, 01-CV-1535 (N.D.N.Y.)?**

By Order dated February 15, 2005, Northern District Judge David N. Hurd certified a plaintiff class in an action entitled Donhauser v. Goord, 01-CV-1535, consisting of "[c]urrent or former New York State prisoners who have lost or been denied good time credits or have been threatened with the loss or denial of good time credits because of a refusal to admit guilt to criminal sexual conduct as part of the Sexual Offender Counseling Program" (Dkt. #121, Ex. B). The issue in Donhauser is whether the SOCP's requirement of acknowledgment of sexual offenses is a violation of the Fifth Amendment guarantee against compulsory self-incrimination.

Defendants argue that plaintiffs are members of the Donhauser class because the "relief sought is identical, at least to the extent plaintiffs pursue good time/Fifth Amendment

claims and seek declaratory and injunctive relief..." (Dkt. #122, p. 5 (emphasis added)). Plaintiffs respond that they "are not claiming possible self-incrimination .... Plaintiffs rather claim a violation of their First Amendment right to freedom of religion" (Dkt. #126, p. 6 (emphasis added)).[4] At oral argument of the motion, plaintiffs' attorney again stated that the only claim which plaintiffs are continuing to pursue in this case is their First Amendment free exercise of religion claim (Dkt. #131), and defendants' attorney acknowledged that "with that concession, that argument [for dismissal based on the pendency of Donhauser] becomes much weaker, frankly" (Id.).

Accordingly, because plaintiffs' remaining claim in this action is for violation of their First Amendment right to free exercise of religion - a claim not at issue in Donhauser - I conclude that this claim is not barred by the pendency of the Donhauser class action.

**C.   Does the SOCP's acknowledgment of guilt requirement violate plaintiffs' First Amendment right to the free exercise of religion?**

Plaintiffs contend that the SOCP's requirement that they acknowledge their guilt or face losing their good time credits violates their First Amendment right to free exercise of religion because "compelling them to recant the truthful testimony they proffered under oath at

---

[4] Plaintiffs also argue that they have opted out of the Donhauser Class (Dkt. #126, p. 7). However, plaintiffs have introduced no admissible evidence supporting this claim, nor does the class certification order contain an opt-out mechanism.

their trials, where in they placed their hands on the Bible and swore to tell the truth, will subject them to eternal damnation" (Dkt. #126, p. 6).[5]

"Prisoners retain their right to religious freedom even when incarcerated." Ochoa v. Connell, No. 9:05-cv-1068, 2007 WL 3049889, *6 (N.D.N.Y. October 18, 2007) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974)). However, this right must be "balanced against the 'interests of prison officials charged with complex duties arising from administration of the penal system.' " Id. (quoting Benjamin v. Coughlin, 905 F.2d 571, 574 (2d Cir. 1990), cert. denied, 498 U.S. 951 (1990)).

Accordingly, a prison regulation which is alleged to violate a prisoner's First Amendment right to the free exercise of religion "passes constitutional muster 'if it is reasonably related to legitimate penological interests' ". Salahuddin v. Goord, 467 F. 3d 263, 274 (2d Cir. 2006) (quoting Turner v. Safely, 482 U.S. 78, 89 (1987)). "Courts must evaluate four factors in making the reasonableness determination: whether the challenged regulation or official action has a valid, rational connection to a legitimate governmental objective; whether prisoners have alternative means of exercising the burdened right; the impact on guards, inmates, and prison resources of accommodating the right; and the existence of alternative means of facilitating exercise of the right that have only a de minimis adverse effect on valid penological interests." Id. (citing Turner, supra, 482 U.S. at 90-91). Therefore, I will consider each of these factors:

---

[5] Although there is no evidence before me to indicate that plaintiff Bennett testified at his criminal trial (Dkt. #134, ¶¶1, 2), defendants contend that their motion "is not premised or based on whether or not . . . plaintiff . . . Bennett testified at his underlying criminal trial" (Dkt. #133, ¶2).

1. **"Whether the challenged regulation has a valid, rational connection to a legitimate governmental objective"**

I find that there is a rational connection between the SOCP, including its requirement that prisoners take responsibility for their crimes or face the loss of good time credits for non-participation, and DOCS' interest in rehabilitating prisoners. See Donhauser, supra, 314 F. Supp. 2d, 119, 135 (N.D.N.Y. 2004) ("[T]here does exist a valid, rational connection between the SOCP, along with its requirements, including the threat faced for non-participation, and the state's interest in requiring program participants to divulge their sexual histories as part of the larger interest in rehabilitating prisoners for safe return to society").[6] See also Searcy v. Simmons, 299 F. 3d 1220, 1228 (10th Cir. 2002), rejecting a challenge to a similar program ("[e]ven were we to assume the admission of responsibility impinges upon Mr. Searcy's right to freely exercise his religious beliefs, we would agree with the district court that the requirement is 'reasonably related' to the [the government's] penological interests").

2. **"Whether prisoners have alternative means of exercising the burdened right"**

"[I]n the context of this case[,] the applicability of whether [plaintiff] has an alternative means to exercise his tenets against lying seems questionable". Searcy, supra, 299 F. 3d at 1228.

---

[6] Following this decision and order, the court granted the plaintiff's motion for a preliminary injunction, 314 F. Supp. 2d 139 (N.D.N.Y. 2004). This decision was appealed and defendants moved for a stay of the injunction. The court declined to enter a stay, but amended its order of preliminary injunction. On appeal, the preliminary injunction was vacated due to the absence of explicit findings, and the case was remanded for further development of the record. 181 Fed. Appx. 11 (2d Cir. 2006).

3.     **"The impact on guards, inmates, and prison resources of accommodating the right"**

"Clearly, accommodating [plaintiff] in this instance would undermine the precept of the entire [program], that admission of responsibility and overcoming denial are integral to the rehabilitation of sex offenders." Searcy, supra, 299 F. 3d at 1228.

4.     **The existence of alternative means of facilitating exercise of the right that have only a de minimis adverse effect on valid penological interests"**

The SOCP manual makes clear that an inmate's recognition of his or her conduct is integral to the program's goals (Dkt. #6, Ex. B, pp. 14-15; Dkt. #122, p. 10). "[Plaintiff's] suggestion that [defendant] has an alternative means of accommodating his free exercise rights - not requiring an admission of responsibility - would eviscerate the [program's] legitimate rehabilitative process of accepting responsibility for past behavior. As such, it is not an alternative at all." Searcy, supra 299 F. 3d at 1228-29.

Once defendants satisfy "the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct[,] the burden remains with the prisoner to show that these [articulated] concerns were irrational." Salahuddin, supra, 467 F. 3d at 275 (internal quotation marks omitted). I find that defendants have satisfied their burden, whereas plaintiffs have failed to meet theirs. Accordingly, I conclude that the SOCP's "acknowledgment of guilt" requirement is reasonably related DOCS' legitimate penological interests, and that

plaintiffs' First Amendment claim should be dismissed.[7] Because plaintiffs have withdrawn their other claims, their Amended Complaint should likewise be dismissed.

## CONCLUSION

For these reasons, I recommend that plaintiffs' motions to proceed *in forma pauperis* (Dkt. ##2, 8) be GRANTED *nunc pro tunc*. I also recommend that defendants' motion for summary judgment (Dkt. #19) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

---

[7] Since I have concluded that the SOCP does not violate plaintiffs' First Amendment rights, I need not reach defendants' qualified immunity arguments (Dkt. #122, Point VI).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:     January 7, 2008

_/s/ Jeremiah J. McCarthy_  
JEREMIAH J. MCCARTHY  
United States Magistrate Judge