UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEITH BUSH and ANTHONY BENNETT,

                Plaintiffs,

      v.                                 **ORDER**
                                      03-CV-759S

D.O.C. COMMISSIONER GLEN GOORD,
MICHAEL GIAMBRUNO, GERALD ELMORE,
TOM BRUNETTE, and JEFF WEBER,

                Defendants.

       1.     On October 9, 2003, Plaintiffs commenced this civil rights action against Defendants under 42 U.S.C. § 1983.  On October 9 and December 30, 2003, Plaintiffs moved to proceed *in forma pauperis*.  (Docket Nos. 2, 8.)  On May 27, 2004, this Court referred this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket No. 27.)  On April 27, 2007, Defendants filed a Motion for Summary Judgment.  (Docket No. 119.)

       2.     On January 7, 2008, the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, filed a Report and Recommendation, in which he recommends (1) that Plaintiffs' Motions for Leave to Proceed *In Forma Pauperis* be granted *nunc pro tunc*, and (2) that Defendants' Motion for Summary Judgment be granted.  (Docket No. 135.)  On January 22, 2008, Plaintiffs filed objections to Judge McCarthy's Report and Recommendation.  (Docket No. 136.)  Defendants responded on February 5, 2008. (Docket No. 138.)

       3.     This Court has carefully reviewed the Report and Recommendation and the parties' submissions.  Plaintiffs are both inmates in the custody of the New York State

Department of Correctional Services ("DOCS").   Due to the nature of their criminal convictions, they qualify as "sex offenders" and were therefore recommended for participation in DOCS's Sexual Offender Counseling Program ("SOCP").   But Plaintiffs refused to participate in the SOCP because unlike other programs they had completed, the SOCP required them to admit their conduct.   They contend that this requirement violates their First Amendment right "to religion" because they are forced to recant their trial testimony, sworn in the name of God, that they did not commit the acts that form the basis for their convictions.   Such an admission, they believe, will subject them to "eternal damnation."   Previously, Plaintiffs completed the Innovative Therapeutic Behavior Program with a Therapeutic Sexual Offender Program component, which did not require the same admission.

4.   A prison regulation that impinges on a constitutional right is valid "if it is reasonably related to legitimate penological interests."   Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).   Reasonableness is determined by weighing four factors: "[1] whether the challenged regulation or official action has a valid, rational connection to a legitimate governmental objective; [2] whether prisoners have alternative means of exercising the burdened right; [3] the impact on guards, inmates, and prison resources of accommodating the right; and [4] the existence of alternative means of facilitating exercise of the right that have only a de minimis adverse effect on valid penological interests."   Salahuddin v. Goord, 467 F.3d 263, 274 (2d Cir. 2006) (citing Turner, 482 U.S. at 90-91) (alterations added).

5.   In weighing these factors, Judge McCarthy relied almost exclusively on findings made by the Tenth Circuit in Searcy v. Simmons.   299 F.3d 1220, 1228 (10th Cir.

2002).  No factual analysis specific to this case is included on any of the factors, and little discussion of the facts is included in the Report and Recommendation.  This is likely due to the parties' failure to submit an adequate factual record to Judge McCarthy, believing instead that the issue is solely a legal question.  (See Report and Recommendation, Docket No. 135, at 4.) But contrary to the parties' view, this Court finds that further factual development and discussion is necessary to appropriately weigh the relevant factors and reach a supportable legal conclusion.

6.     At this time, this Court offers no view on whether it is prepared to accept Judge McCarthy's ultimate recommendation that Defendants' Motion for Summary Judgment be granted.  Without further factual development and analysis on the relevant factors specific to the facts of this case, this Court is not in a position to make that determination.  For example, it is unclear whether Plaintiffs voluntarily want to participate in the SOCP but believe they cannot do so because of their religious convictions, or whether DOCS requires that Plaintiffs participate in this particular program or face the loss of good-time credits.[1]  This distinction is important on at least the third and fourth Turner factors, particularly because it appears that programs similar to the SOCP exist that do not include the admission of guilt requirement (Plaintiffs, in fact, completed one).

7.     Accordingly, this Court will accept Judge McCarthy's recommendation that Plaintiffs' in forma pauperis applications be granted, but will return this case to Judge McCarthy for any further proceedings he deems necessary and for the issuance of a Supplemental Report and Recommendation on Defendants' Motion for Summary

---

[1] The Report and Recommendation states that "both plaintiffs were recommended for participation in the SOCP."  Docket No. 135, at 2.  But it is unclear whether their participation was actually mandatory.

3

Judgment that includes a more complete factual discussion and analysis of the Turner factors.  See 28 U.S.C. § 636(b)(1) (upon de novo review of a Report and Recommendation, district judge may recommit matter to the magistrate judge with instructions).  Plaintiffs objections to the Report and Recommendation will be denied as moot in light of this Court's return of this matter to Judge McCarthy.  Plaintiffs are not barred from again raising their objections, if necessary, to the Supplemental Report and Recommendation.


IT HEREBY IS ORDERED, that the Report and Recommendation (Docket No. 135) is ACCEPTED in part and RECOMMITTED in part.

FURTHER, that Plaintiffs' Motions for Leave to Proceed In Forma Pauperis (Docket Nos. 2, 8) are GRANTED nunc pro tunc.

FURTHER, that this Court recommits Defendants' Motion for Summary Judgment (Docket No. 119) to Judge McCarthy for any further proceedings that he deems necessary and for the issuance of a Supplemental Report and Recommendation.

FURTHER, that Plaintiffs' Objections to the Report and Recommendation (Docket No. 136) are DENIED as moot.

SO ORDERED.

Dated:   April 25, 2008
         Buffalo, New York


                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                       United States District Judge